———

SEA WITCH, The (PORTER v.). See Case No. 11,289.

———

## Case No. 12,597.

### In re SEAY.

[4 N. B. R. 271 (Quarto, 82); [1] 4 Am. Law T. 16; 1 Am. Law T. Rep. Bankr. 244.]

District Court, D. Tennessee. Nov. 16, 1870.

BANKRUPTCY—DISCHARGE—AMENDATORY ACT.

1. Where a bankrupt applies for his discharge, his assets not being equal to fifty per cent. of the claims proved against his estate, which were contracted since January 1, 1869, *held*, that bankrupt shall be discharged from all debts prov-

---

[1] [Reprinted from 4 N. B. R. 271, by permission.]

able against his estate which were contracted prior to January 1, 1869.
[Cited in Re Van Riper, Case No. 16,874.]

2. Discharge does not bar debts contracted since January 1, 1869, which have not been proved.

In bankruptcy.

By ALEX. S. BRADLEY, Register:

The original petition by the creditor, the Traders' Bank, was filed June 24th, 1869, and the debtor was adjudged bankrupt on the 19th day of November, 1869. On the 5th day of November, 1870, the meeting for hearing on petition for discharge was held, at which bankrupt attended and passed his last examination. There was no appearance or opposition by any creditor, and the assignee reported that he had neither received nor paid any moneys on account of the estate, and that the assets were not equal to fifty per cent. of the claims proved against said estate, contracted since January 1st, 1869, on which bankrupt was liable as principal debtor. It appeared that three proofs of debts on which bankrupt was liable, as principal debtor, had been filed, two of which had been contracted before January 1, 1869, and the other (or part of it) had been contracted since that date. No written assent was filed in the case. I certified that there was no opposition, and that it appeared to me that the bankrupt had in all things conformed to his duty under the act [of 1867 (14 Stat. 517)], and to all the requirements thereof except the requirement contained in the second clause of section 33, as amended by acts of July 27, 1868 [15 Stat. 227], and July 14, 1870 [16 Stat. 276].

The question is, under the above state of facts, whether a discharge shall be granted to the bankrupt, and if granted, what must be its form and its effect upon his debts contracted both prior and subsequent to January 1, 1869. The clause of section 33 referred to, as amended by act of July 27, 1868, is as follows: "In all proceedings in bankruptcy commenced after the 1st day of January, 1869, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims proved against his estate upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor. and who shall have proved their claims, be filed in the case at or before the time of the hearing of the application for discharge."

Thus the law stood at the time of the commencement of the proceedings in this case. But before the hearing of the application for discharge, the act of July 14, 1870, was passed, which is as follows: "Be it enacted, etc., that the provisions of the second clause of the 33d section of said act, as amended by the 1st section of an act in amendment thereof, approved July 27th, 1868, shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted

prior to the first day of January, 1869." Had not the last amendment been passed it is evident that no discharge could have been granted this bankrupt, as the obstacle to his discharge (and the only obstacle thereto) would have been the provision of said second clause, the obvious application and sole object of which was to prevent such discharge, except upon certain conditions respecting assets.

One of the two great objects to be effected by the bankrupt act is the discharge of a debtor who has fully complied with the requirements of the act, and it would seem to follow that if a particular restriction upon the right of a debtor to a discharge has been removed, then the right is immediately re-sumed to the full extent that it is unaffected by any remaining restriction. The time when this restrictive clause could have any operative force would be on the day of the hearing of the application for discharge, and in this case on that day there was no restriction on the bankrupt's right to a discharge, except with regard to his debts contracted subsequent to January 1st, 1869. Upon this state of facts I think a discharge should be issued to the bankrupt, modified to read as follows:

"Whereas, George W. Seay has been duly adjudged a bankrupt under the act of congress establishing a uniform system of bankruptcy throughout the United States, and appears to have conformed to all the requirements of law in that behalf respecting his debts contracted prior to January 1, 1869, it is therefore ordered by the court that said George W. Seay be forever discharged from all debts and claims which by said act are made provable against his estate, which were contracted prior to January 1, 1869, and which existed on the 24th day of June, 1869, on which day the petition for adjudication was filed against him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy."

The question whether the discharge should also bar those debts contracted since January 1, 1869, which have not been proved. I think must be answered in the negative for the following reason: By the terms of the last amendment it seems that the restrictive clause is left to operate with the same force and effect upon the debts contracted since January 1, 1869, as it previously did upon all debts, whenever contracted. Since, therefore, before the last amendment, no discharge at all could have been issued (even to bar debts not proved), if the assets did not pay fifty per centum of those which were proved, and the last amendment only modifies the action of the court respecting the debts contracted prior to January 1, 1869, it would seem to follow that there is no authority given to grant a discharge for any debts contracted subsequent to that date.

TRIGG, District Judge. I have examined the questions submitted in the foregoing cer-

tificate from Mr. Register Bradley, and I fully approve the opinion which he has given, and it is ordered that a discharge issue to the bankrupt in accordance therewith.